UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOLLY BLINKOFF,
    Plaintiff,

v.

NICOLE DORMAN, ET AL.,
    Defendants.

CIVIL ACTION NO.
3:06cv00607 (SRU)

## RULING and ORDER

On December 12, 2007, I issued a ruling denying Holly Blinkoff's request under Rule 60(b) for relief from a prior judgment of this court. I ordered that, because it was apparent that Blinkoff has no valid claim under RICO, her RICO claims were dismissed with prejudice. I instructed the clerk to enter judgment in favor of the defendants and close this file.

On December 26, 2007, Blinkoff filed a motion for reconsideration of my December 12 ruling. I denied that motion on January 8, 2008, and I denied a subsequent motion for reconsideration on January 9, 2008 as well.

On April 15, 2008, Blinkoff filed a motion to vacate judgment in this matter, based on two affidavits she submitted alleging that certain witnesses perjured themselves at the December 6, 2007 hearing regarding Rule 60 relief. Specifically, Blinkoff contends that defendant Nicole Dorman lied regarding whether and to what extent she had conversations with a witness, Raymond Carpentino, during an April 2002 trial. On July 15, 2008, Blinkoff filed an additional motion for relief under Rule 60(b).

In addition to Blinkoff's motions to vacate the judgment in this matter, she and the defendants have filed cross-motions for sanctions. I address all pending motions below.

**I.**    **Blinkoff's Motions for Relief Under Rule 60(b)**

Blinkoff argues for relief because Dorman may have lied regarding her contact with Carpentino during trial in April 2002. However, even if that were true, her motion for relief would be improper. In my December 12 ruling, I wrote in part that

> In light of the high standards required to sustain an independent action under Rule 60(b), Blinkoff's motion fails. Even viewing the facts in the light most favorable to Blinkoff, the worst that can be said of the defendants' conduct is the following: (1) the defendants failed to inform Blinkoff's attorney that Carpentino was in the courthouse on April 5, 2002, although there is no indication that Attorney Williams asked whether Carpentino was available, or that he was prepared to call Carpentino that day; (2) after court adjourned on April 5, the defendants informed Carpentino that he would not be needed for trial, even though they knew that Williams planned to call him. (As discussed above, however, I find that the defendants actually did not tell Carpentino that he would not be needed throughout the entire trial and that they did not make misrepresentations to opposing counsel or the court that could form the basis for relief under Rule 60(b).)
>     This alleged conduct does not rise to the level of a grave miscarriage of justice that would support an independent action for fraud upon the court. . . . [B]ecause Attorney Williams never asked whether Carpentino was available on April 5, 2002, the defendants had no obligation to announce Carpentino's presence. . . .
>     Carpentino was under subpoena by Blinkoff, and she could have compelled his attendance in court, despite any statements made to Carpentino that he would not be needed. At the very least, Williams could have made representations on the record that Carpentino's testimony was needed and that he could not rest Blinkoff's case without Carpentino's testimony. Instead, Williams decided to rest the plaintiff's case without Carpentino's testimony despite defendants notifying him in open court that Carpentino would be available later that afternoon. . . .
>     Therefore, Carpentino was available to Blinkoff if she or her counsel had insisted that he testify.
>     Finally, even if the conduct of the defendants rose to the level of fraud upon the court, Blinkoff's motion would be improper. In the Second Circuit, a Rule 60(b) motion for fraud upon the court is unavailable when the movant had an earlier opportunity to litigate the issue upon which the Rule 60(b) motion is based. *Gleason*, 860 F.2d at 560; *Weldon*, 70 F.3d at 5. . . . If Carpentino was as crucial a witness as Blinkoff now alleges, Williams probably should not have made the strategic decision to rest absent Carpentino's testimony. It would have been much more efficient for Williams to insist that the defendants present Carpentino at the original trial than to have Blinkoff attempt to litigate the issue in the separate motion now before me. *Gleason* and *Weldon* require Blinkoff to choose the more efficient option of litigating the issue in the original trial, and her attorney's failure to do so precludes this Rule 60(b) motion five years later.

Even if Dorman had not made calls to Carpentino as she testified on December 7, Blinkoff's

2

motions for relief fail for a number of reasons. First, at the April 2002 trial, Carpentino was Blinkoff's witness; her attorney should have called him if Carpentino was needed, and his absence at the 2002 trial was due in substantial part to her attorney's failure to do so. Second, Blinkoff's present claims would have been more properly and more efficiently brought at any of several points in the past – particularly during or immediately following the April 2002 trial, or during the December 7, 2007 hearing. Although Dorman's testimony was not yet in issue prior to December 7, the evidence upon which Blinkoff bases her motions, including the hours of certain government offices and Dorman's phone records, was available. Third, Blinkoff's myriad motions for Rule 60(b) relief have improperly sought to relitigate both the underlying issues of her 2002 trial and the issue of fraud on the court during that trial. Even if her allegations regarding Dorman's testimony on December 7, 2007 are true, however, Blinkoff is not entitled to relief from judgment. For the reasons discussed in the excerpted passage above, Blinkoff's allegations regarding communications with Carpentino did not support her claim for relief. Likewise, her newest allegations fail both because Carpentino was available to her, as her witness, in April 2002, and also because her present attempts to reopen that question are repetitive, improper and lack merit.

Because, for the reasons discussed above, Blinkoff's Rule 60(b) motions lack merit, and because her continued attempts to re-litigate numerous issues are improper, Blinkoff's motions for relief (**docs. #258, 281**) are DENIED.

## II.     Cross-motions for Sanctions

Each side has moved for sanctions against the opposition. The defendants have moved for sanctions against Blinkoff alleging violations of Rules 11(b)(1) and 11(b)(3) of the Federal

Rules of Civil Procedure. Under Rule 11(c)(2),

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

In other words, a motion for Rule 11 sanctions must be served on the party against whom sanctions is sought. She must then be given 21 days to correct any challenged paper or contention before the party seeking sanctions files his Rule 11 motion. *See, e.g., Weinreich v. Sandhaus*, 156 F.R.D. 60, 63 (S.D.N.Y. 1994), *aff'd without opinion*, 60 F.3d 810 (2d Cir. 1995). Here, the defendants move for sanctions against Blinkoff based on her April 15, 2008 motion to vacate. They filed their motion for sanctions on April 17, 2008, so they could not have afforded her the 21-day safe harbor period that Rule 11 mandates. For that reason, the defendants' motion (**doc. #260**) is DENIED.

In addition, Rule 11 states that:

(b) By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . .

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Although Blinkoff's motions and pleadings have been duplicative, I believe that she has pursued her claims in good faith. That is, she has not intended to harass or delay the defendants.

4

Likewise, although her factual contentions do not support her legal claims, she has presented evidentiary support in the form of affidavits, documents indicating town hall hours, and phone records, that support her factual contentions.

Blinkoff has moved for sanctions against the defendants. Because she has not indicated that she seeks sanctions under Rule 11 or under 28 U.S.C. § 1927, I am considering her motion as a motion asking me to invoke a federal court's "inherent power" to "protect the administration of justice by levying sanctions in response to abusive litigation practices." *Penthouse International, Ltd. v. Playboy Enterprises*, 663 F.3d 371, 386 (2d Cir. 1981). For reasons discussed in this memorandum, along with prior rulings in this matter, the defendants have not committed fraud on this court and have not otherwise engaged in abusive litigation practices. Accordingly, Blinkoff's motion for sanctions (**doc. #257**) and motion for a hearing on the question of sanctions (**doc. # 270**) are DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of July 2008.

        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge